UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LANA WAGUESPACK, ET AL. | CIVIL ACTION |
| VERSUS | NO: 20-1986 |
| AVONDALE INDUSTRIES, INC., ET AL. | SECTION: "A" (2) |

## ORDER

The following motion is before the Court: **Motion to Remand (Rec. Doc. 4)** filed by Plaintiffs, the statutory heirs of Lana Waguespack. Defendants Huntington Ingalls Inc. and Lamorak Insurance Co. ("collectively "Avondale") oppose the motion.[1] The motion, submitted for consideration on August 5, 2020, is before the Court on the briefs without oral argument.[2]

---

[1] Lamorak has been sued in its capacity as the alleged insurer of certain defendants alleged to be executive officers of Avondale.
   The Court notes that on July 31, 2020, the Clerk of Court terminated Lamorak as a defendant in the main demand and the only entry in the docket sheet corresponding to the termination of this defendant was the Notice of Compliance filed by Huntington Ingalls, Inc. (Rec. Doc. 10). If Lamorak had been dropped from the case prior to removal then the Court is at a loss to understand why Lamorak joined in the Notice of Removal and in the opposition filed in this Court on July 28, 2020. (Rec. Doc. 7). If the Clerk terminated Lamorak in error and if Lamorak remains a defendant in this case, then the record must be corrected to accurately reflect the status of this defendant. If such a correction is necessary then it must be requested via written motion filed into the record.

[2] This case was originally allotted to another section of court in this district but after the presiding judge recused the case was reassigned to Section A along with the pending motion to remand. (Rec. Doc. 11, Order Reassigning Case).

## I.     BACKGROUND

In September 2019 Ms. Lana Waguespack initiated this action in state court against Avondale and others asserting that she contracted mesothelioma after being exposed to asbestos brought home on the work clothes of her father, brother, and ex-husband, starting in 1944 (time of her birth) and for many years thereafter.[3] Ms. Waguespack died in October 2019 from mesothelioma, and thereafter her heirs joined the case as plaintiffs to pursue both her claims and their own. (Rec. Doc. 1-2). Mr. Edward Luft, Sr., who was Ms. Waguespack's father, was employed at Avondale for many years. Avondale alleges that it learned during the deposition of Mr. Leroy J. Verda, who worked under and reported to Mr. Luft beginning in 1962, that one of the areas that Mr. Luft supervised pertained exclusively to the construction of federal vessels. Thus, according to Avondale, Ms. Waguespack's alleged asbestos exposures from her father's clothing relate, in part, to his exposure to asbestos-containing materials being installed aboard and around federal vessels built by Avondale pursuant to contracts with the United States Navy. (Rec. Doc. 1, Notice of Removal at 3). Avondale received the Verda deposition transcript on June 12, 2020. The Notice of Removal was filed on July 10, 2020, citing federal officer removal within the meaning of 28 U.S.C. § 1442(a)(1) as the basis for federal jurisdiction.

Plaintiffs challenge the timeliness of the removal, contending that Avondale had sufficient information at the time the lawsuit was filed in 2019 to determine that Ms.

---

[3] This type of case is referred to as a secondary exposure or "take-home" mesothelioma case.

Waguespack's exposures to asbestos attributable to Avondale's facility were in some way related to exposures from federal vessels. Plaintiffs now move to have the action remanded to state court based on Avondale's failure to comply with 28 U.S.C. § 1446(b), which requires that the notice of removal be filed within 30 days of receipt of the initial pleading. Alternatively, Plaintiffs argue that Avondale waived its right to remove by noticing two expert depositions while the case was pending in state court. Plaintiffs do not challenge the merits of the removal.[4] *See Latiolais v. Huntington Ingalls, Inc.*, 951 F. 3d 286 (5th Cir. 2020) (en banc) (overruling circuit precedent and holding that the 2011 amendments to the federal officer removal statute expanded removal under 28 U.S.C. § 1442(a)).

## II.    LAW AND ANALYSIS

A removing defendant bears the burden of demonstrating that removal is proper. *Morgan v. Huntington Ingalls, Inc.*, 879 F.3d 602, 611 (5th Cir. 2018). Therefore, Avondale bears the burden of proving that the removal was timely.

Title 28 U.S.C. § 1446 governs the procedural aspects of removal, including timeliness. The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based . . . . 28 U.S.C. § 1446(b)(1). If the case stated by the initial pleading is not removable, the defendant can also remove "within 30 days after receipt . . . of a copy of

---

[4] Avondale did provide, however, a thorough analysis in support of the substantive propriety of the removal. The Court is persuaded that the removal was substantively proper.

an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." *Morgan*, 879 F.3d at 607 (quoting 28 U.S.C. § 1446(b)(3)).

It is undisputed that Avondale did not remove the case within 30 days of receiving the original petition. Rather, Avondale removed this case under § 1446(b)(3), claiming that the transcript of Leroy Verda's deposition constituted "other paper" that put Avondale on notice that the case was removable under the federal officer statute. Avondale points out that the factual allegations contained in the petition did not include any detail regarding the Lufts' work at Avondale or Hoffman's, much less allegations that would serve to link Ms. Waguespack's secondary exposure to any vessels being built by or repaired by Avondale under contracts with the United States government. Further, the allegations in the state court pleadings did not connect the work of Edward Luft, Eddie Luft, or William Hoffman to any vessel at all, much less a federal vessel.

Plaintiffs contend that as of Ms. Waguespack's deposition, which occurred on September 27, 2019, Avondale knew that Mr. Luft, Sr. had worked at Avondale from the time that Plaintiff was born in 1944 until at least 1971 when Plaintiff moved out of the family home. Plaintiffs point out that Avondale knew that more than 50 vessels were constructed at Avondale during this time frame for the federal government. Plaintiffs point out that Avondale had the work records of Mr. Luft, Sr. and Mr. Hoffman when the lawsuit was filed. Thus, according to Plaintiffs, Avondale had in its possession, when suit was filed, and when Ms. Waguespack was deposed, documentation that established where Ms. Waguespack's father and husband worked and which vessels

they worked on. Therefore, according to Plaintiffs, the Verda deposition provided no additional information that was not already in Avondale's work records.

The Court is persuaded that Avondale timely removed the case. Notwithstanding what Avondale actually knew or should have known in light of the evidence in its possession, the only question that matters is when the 30-day window for removal started to run against Avondale.

In *Chapman v. Powermatic, Inc.*, 969 F.2d 160, 163 (5th Cir. 1992), the Fifth Circuit held that for purposes of the first paragraph of § 1446(b), the 30-day time period in which a defendant must remove a case starts to run from the defendant's receipt of the initial pleading only when that pleading affirmatively reveals on its face that the plaintiff is seeking damages in excess of the minimum jurisdictional amount of the federal court. The court reasoned that adopting such a bright line rule promotes certainty and judicial efficiency by not requiring courts to inquire into what a particular defendant may or may not subjectively know when the case is filed. *Id.* Further, a subjective rule would encourage defendants to prematurely remove cases in which the initial pleading does not affirmatively reveal the amount in controversy in order to avoid accidentally waiving the right to remove to federal court. *Id.*

When subsequently referring to *Chapman*, the Fifth Circuit characterized the decision as rejecting a due diligence requirement for determining whether a case is removable. *Boskey v. Kroger Tex., LP*, 288 F.3d 208, 210 (5th Cir. 2002) (citing *Chapman*, 969 F.2d at 163). And even though *Chapman* dealt with the amount in controversy for diversity jurisdiction, the Fifth Circuit applies the same reasoning to

removal based on federal question jurisdiction. *Leffall v. Dallas Indep. Sch. Dist.,* 28 F.3d 521, 525 (5th Cir.1994). Given that the Fifth Circuit has acknowledged that the liberal construction given to the substantive aspects of federal officer removal also apply to the timeliness of such a removal, *Morgan*, 879 F.3d at 607 n.10 (citing *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1253 (9th Cir. 2006)), the Court is persuaded that in the context of federal officer removal the initial pleading triggers the start of the 30-day removal clock only when it affirmatively reveals on its face the allegations that support removal. *See Uzee v. Huntington Ingalls, Inc.*, No. 18-6856, 2018 WL 4579827, *2 (E.D. La. Sep. 25, 2018).

As Avondale has pointed out, the initial pleading in this case did not affirmatively reveal on its face that Ms. Waguespack's alleged exposures were related to a federal vessel. Therefore, the original petition did not trigger the start of the time period for timely removal.[5] Whether Avondale could have nonetheless removed the case when it was first filed based on what it actually knew or could have pieced together from the old work records is beside the point. Avondale has established that the Verda deposition constitutes "other paper" for purposes of 28 U.S.C. § 1446(b)(3). Because Avondale removed the case within 30 days of receiving the Verda deposition transcript, the removal was timely.

Finally, Avondale did not waive its right to remove the case by noticing two expert depositions before the case was removed. There is no controlling authority to support

---

[5] Avondale points out that the work records attached to Plaintiffs' motion to remand do not unambiguously point to exposure in conjunction with a federal vessel.

the proposition that such limited and non-dispositive activity constitutes a waiver of the right to remove.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Remand (Rec. Doc. 4)** filed by Plaintiffs, the statutory heirs of Lana Waguespack, is **DENIED**.

September 3, 2020

_____
JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE