UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LANA WAGUESPACK, ET AL. | CIVIL ACTION |
| VERSUS | NO: 20-1986 |
| AVONDALE INDUSTRIES, INC., ET AL. | SECTION: "A" (2) |

# ORDER

The following motion is before the Court: **Motion to Enforce Stay (Rec. Doc. 57)** filed by Lamorak Insurance Co., and joined by defendant Huntington Ingalls Inc. Plaintiffs, the statutory heirs of Lana Waguespack, oppose the motion. The motion, submitted for consideration on May 26, 2021, is before the Court on the briefs without oral argument.

In September 2019 Ms. Lana Waguespack initiated this action in state court against Avondale and others asserting that she contracted mesothelioma after being exposed to asbestos brought home on the work clothes of her father, brother, and ex-husband, starting in 1944 (time of her birth) and for many years thereafter. Ms. Waguespack died in October 2019 from mesothelioma, and thereafter her heirs joined the case as plaintiffs to pursue both her claims and their own. (Rec. Doc. 1-2).

Lamorak was sued in this action as the alleged insurer of certain executive officers of Huntington Ingalls. Lamorak has now been declared insolvent and placed into liquidation. Lamorak urges the Court to enforce the permanent stay of claims against it made by the Commonwealth Court of Pennsylvania and the automatic statutory stay of

claims against it and any party it is obligated to defend as set forth by La. R.S. § 22:2068(A). Pursuant to that same statute, the movants argue that the entire case should be stayed.

Plaintiffs do not dispute that a stay as to the claims against Lamorak, and perhaps its insureds in this matter, may be appropriate. Plaintiffs do dispute, however, the movants' contention that this entire action should be stayed pursuant to La. R.S. § 22:2068(a), which Plaintiffs argue should not apply in a federal court.[1]

The question presented via the instant motion has already been addressed by at least two other judges in this district both of whom have determined that the stay should apply to the entire action for the six month period provided in the state statute. *Gooding v. Liberty Mut. Ins. Co.*, No. 20-1133, 2021 WL 2002463 (E.D. La. May 19, 2021) (Brown, C.J.); *Cortez v. Lamorak Ins. Co.*, No. 20-2389, Rec. Doc. 244 (May 20, 2021) (Vance, J.). As those judges have pointed out, the stay undisputedly extends to Lamorak and its insureds, and to allow the rest of the case to proceed while the stay is in effect as to those defendants will likely lead to piecemeal adjudication of this action. Thus, even if § 22:2068(A) does not apply in a federal court (an issue the Court need not decide), the Court would nonetheless exercise its discretionary authority to stay the

---

[1] La. R.S. § 22:2068, Stay of Proceedings, states in relevant part:

> All proceedings in which the insolvent insurer is a party or is obligated to defend a party in any court in this state shall be stayed for six months and such additional time as may be determined by the court from the date the insolvency is determined to permit proper defense by the association of all pending causes of action.

La. R.S. § 22:2068(A).

entirety of this matter for the period prescribed in the statute.

Accordingly, and for the foregoing reasons;

**IT IS ORDERED** that the **Motion to Enforce Stay (Rec. Doc. 57) is GRANTED**. This matter is **STAYED** and **ADMINISTRATIVELY CLOSED** until September 12, 2021, after which date any party may file a motion to reopen the case to have it restored to the trial docket. If the motion is contested by any party then it must be noticed for submission in accordance with the Local Rules.

**IT IS FURTHER ORDERED** that the pretrial conference and jury trial dates in this matter, **September 9, 2021** and **September 27, 2021**, are **VACATED**.

May 26, 2021

JAY C. ZAINEY
UNITED STATES DISTRICT JUDGE